# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>SHINAE CASTINE,<br><br>                    Defendant. | Case No. 19-CR-120-14-JPS<br><br>**ORDER** |

Defendant has been charged with conspiring to distribute cocaine and heroin in Milwaukee along with a number of other persons, including her former boyfriend and the leader of the group, Jimmy Bates ("Bates"). (Docket #1). As part of the investigation into this conspiracy, DEA agent Jasemin Pasho applied for authorization for a search warrant to obtain records related to two of Defendant's cell phones. (Docket #179-1). The application included numerous facts about the Bates drug ring and Defendant's involvement therein. *See generally id.* It also included one demonstrably false statement—that a substantial quantity of heroin was found in a search of Defendant's residence. *Id.* at 6. The warrant was nonetheless authorized and the search was performed. (Docket #179-2).

Defendant seizes upon the false statement as a basis to suppress the evidence found during the execution of the warrant. She filed a motion to that effect, and a request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). As explained by the Seventh Circuit:

> If police officers obtain a search warrant by deliberately or recklessly providing the issuing court with false, material information, the search warrant is invalid. In [*Franks*], the Supreme Court held that when a defendant makes a substantial preliminary showing that the police

> procured a warrant to search his property with deliberate or reckless misrepresentations in the warrant affidavit, and where such statements were necessary to the finding of probable cause, the Fourth Amendment entitles the defendant to an evidentiary hearing to show the warrant was invalid.

*United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013). *McMurtrey* emphasizes that the "substantial preliminary showing" is just that–substantial. *Id.* at 509. The defendant must prove by a preponderance of the evidence that the alleged false statements were indeed false, and that they were offered intentionally or recklessly. *Id.* The defendant must further establish "that if the deliberately or recklessly false statements were omitted, or if the deliberately or recklessly misleading omissions included, probable cause would have been absent." *Id.*

Magistrate Judge William E. Duffin considered Defendant's arguments in favor of both suppression and her request for a *Franks* hearing. (Docket #209) (the "Order and Recommendation"). He denied the request for a hearing and has recommended denial of the motion to suppress. *Id.* Defendant has filed an objection to the Order and Recommendation. It appears that Defendant objects to both parts of the ruling pursuant to Federal Rule of Criminal Procedure 59(a) (parties may object to non-dispositive orders of magistrate judges) and (b) (parties may object to magistrate judge recommendations on the disposition of, *inter alia*, motions to suppress).

The joint nature of the ruling might otherwise present some difficulty for this Court's review, as a Rule 59(a) objection faces a heightened standard of review, Fed. R. Crim. P. 59(a) (orders may only be set aside when they are contrary to law or clearly erroneous), while a Rule 59(b) objection warrants *de novo* review of the magistrate judge's

recommendation, *Id.* 59(b)(3). The distinction does not matter here, as Magistrate Judge Duffin's findings and conclusions are unassailable under any standard. In the interest of timeliness and brevity—the deadline for filing of plea agreements is approaching—the Court assumes familiarity with the Order and Recommendation and the parties' briefing on Defendant's objection.[1]

The thrust of Defendant's objection is that Magistrate Judge Duffin was wrong to find probable cause present in the warrant application absent the false statement. She offers two specific qualms with the statements in the application. First, Defendant states that while she indeed admitted to being Bates' girlfriend September 2017, she was not at the time the application was made in November 2018. However, the precise nature of the relationship between Defendant and Bates at any particular time is not material. The confidential informant was clear that Defendant worked as

---

[1] While it is the Court's prerogative to incorporate such knowledge by reference in its orders, the parties are not so authorized. In her objection, Defendant states that she desires to incorporate the arguments presented in the briefing she presented to Magistrate Judge Duffin. (Docket #213 at 1). Objections to a magistrate's report and recommendation must be specific and limited to those issues upon which the objector disagrees with the magistrate's analysis. Fed. R. Crim. P. 59(b)(2); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999) (the objecting party must "specify each issue for which review is sought"). The report and objection process is, in essence, treated as an appeal. *See Coleman v. City of Ind.*, No. 1:17-CV-01561-JMS-MJD, 2018 WL 2093654, at *2 (S.D. Ind. May 7, 2018). Permitting a party to incorporate her original briefing into her objection briefing by reference defies the logic of this procedure, turning the objection process into a simple do-over before a different judge. Such incorporation would, of course, never be allowed by an appellate court. The Court will, therefore, confine its analysis to the arguments raised in Defendant's objection.

Bates' courier and provided specific information about one trip in particular that agents sought to corroborate with the cell phone records.[2]

Second, Defendant complains that the application relies on hearsay statements by Bates, without establishing that Bates was a reliable source of information. Magistrate Judge Duffin explained that hearsay is generally permissible in a warrant application, so long as it is reliable. (Docket #209 at 5). Bates' statements, relayed through the confidential informant, carried substantial indicia of reliability because they were admissions of criminal activity. *Id.* Defendant claims that Magistrate Judge Duffin erred by "putting a lot of faith in the uncorroborated words of two drug dealers." (Docket #213 at 6). Preliminarily, the Court notes that the confidential informant's reliability *was* addressed in the application, and Defendant does not question it. Moreover, the Court agrees with Magistrate Judge Duffin that Bates' reliability is sufficiently established by his statements; what motivation would he have to contrive specific and *inculpatory* statements about his criminal enterprise?

Finally, to the extent that Defendant's objection attacks the finding of probable cause generally, the Court again agrees with Magistrate Judge Duffin's analysis. Even without the false statement, the application details Bates' drug distribution ring, explains Defendant's close relationship to Bates and her role in the organization, and relates a very specific trip she took to Chicago in her role as courier. One must remember that probable

---

[2]It is not clear whether Defendant has even proffered a valid dispute about her relationship status with Bates. In the objection, Defendant states that "[t]he [application] did not claim [Defendant] was Bates['] girlfriend at the time of the alleged trip to Chicago. In fact, she was not, and law enforcement had relevant information to that effect. They simply did not choose to put it in the affidavit." (Docket #213 at 5). She provides no factual basis for the final two sentences quoted, not even via an affidavit.

cause is not a difficult hurdle for police to overcome. "[P]robable cause is far short of certainty—it 'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity,' [*Gates*, 462 U.S. at 244 n. 13], and not a probability that exceeds 50 percent ("more likely than not"), either." *United States v. Seiver*, 692 F.3d 774, 777 (7th Cir. 2012). The application easily established a substantial chance that the cell phone records sought would contain information relevant to the Chicago trip and perhaps to the Bates' organization generally.

In light of the foregoing, the Court will uphold Magistrate Judge Duffin's order denying Defendant a *Franks* hearing and adopt his recommendation in favor of denying Defendant's motions to suppress. (Docket #209). Defendant's objection to Magistrate Duffin's Order and Recommendation will be overruled, (Docket #213), and the motion to suppress will be denied, (Docket #179).

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's November 5, 2019 Order and Recommendation (Docket #209) be and the same is hereby **ADOPTED**, and that Defendant's objection thereto (Docket #213) be and the same is hereby **OVERRULED**; and

**IT IS FURTHER ORDERED** that Defendant's motion to suppress (Docket #179) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of December, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge